UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KULBIR SINGH, ) | |
| ) | CASE NO. C06-1613-MJP-JPD |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

I. INTRODUCTION AND SUMMARY CONCLUSION

On November 7, 2006, petitioner Kulbir Singh, proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a Request for Temporary Restraining Order, alleging that he is being improperly detained without bond at the Northwest Detention Facility in Tacoma, Washington, while respondents seek to "remove" him to Germany. (Dkt. #1). Petitioner seeks an order restraining respondents from continuing to detain him without bond, and from removing him from the United States except in compliance with any applicable treaties.

Having reviewed the entire record, I recommend that the Court deny petitioner's habeas petition and request for temporary restraining order. (Dkt. #1).

REPORT AND RECOMMENDATION
Page - 1

II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Petitioner Kulbir Singh, a.k.a. Lakhbir Singh, is a native and citizen of India. In December 2000, he entered the United States, without inspection, from Canada after traveling from India. He was subsequently placed in removal proceedings in San Francisco, California. On April 10, 2002, an Immigration Judge ("IJ") denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and ordered him removed to India. (Dkt. #1, Ex. 1). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On February 26, 2004, the BIA sustained petitioner's appeal and granted petitioner's applications for withholding of removal and protection under the CAT. The BIA, however, sustained the IJ's decision to deny asylum and "did not disturb" the IJ's decision to order removal. (Dkt. #1, Exs. 1 and 2). On March 18, 2004, petitioner timely filed a Petition for Review with the Ninth Circuit Court of Appeals. On March 8, 2006, the Ninth Circuit dismissed petitioner's petition. (Dkt. #1, Ex. 1). Accordingly, petitioner's order of removal became administratively final as of February 26, 2004. However, petitioner cannot be removed to India due to the BIA's grant of withholding of removal and protection under the CAT. *Id*.

On August 7, 2006, U.S. Immigration and Customs Enforcement ("ICE") sent petitioner a letter, notifying him that the Department of Homeland Security ("DHS") intends to remove him to Germany. (Dkt. #1, Ex. 1). The letter provides, in part, as follows:

> As your removal to the country designated in the removal order is not presently possible, you are hereby notified that DHS intends to disregard the designation in accordance with section 241(b)(2)(C) of the Immigration and Nationality Act (Act). Pursuant to section 241(b)(2)(E) of the Act, DHS is making arrangements to remove you to a previously designated country, specifically Germany.

*Id*. The letter also notified petitioner that if he believes he will face persecution or torture in Germany, he may request withholding of removal and protection under the CAT. *Id*. On August 10, 2006, petitioner was arrested at a truck stop by DHS officers and detained at the

REPORT AND RECOMMENDATION
Page - 2

Northwest Detention Center in Tacoma, Washington. (Dkt. #1 at 3).

On October 31, 2006, the United States filed a Complaint for Extradition and a Warrant for Arrest in this Court, initiating proceedings to extradite Mr. Singh to Germany. (Case No. 06-591-JPD-ALL, Dkt. #1). Pursuant to the Extradition Treaty between the United States and Germany, the German authorities presented a formal request for Mr. Singh's surrender, supported by appropriate documentation. (Case No. 06-591-JPD-ALL, Dkt. #4).

On November 7, 2006, while his extradition was pending, petitioner filed the instant petition for writ of habeas corpus and request for temporary restraining order ("TRO"), seeking to restrain respondents from continuing to detain him without bond, and from removing him from the United States. The Court determined that petitioner had not demonstrated, as required by Rule 65(b), that he would suffer immediate and irreparable injury, loss, or damage before respondents could be heard in opposition. Accordingly, the Court construed petitioner's request for TRO as one for preliminary injunction, and directed respondents to file a response. The Court entered an order temporarily staying petitioner's removal pending resolution of petitioner's motion for preliminary injunction. (Dkt. #3).

On November 16, 2006, at the initial hearing in the extradition case, the Court concluded that Mr. Singh should be detained pending a hearing on Germany's extradition request. (Case No. 06-591-JPD-ALL, Dkt. #6). Accordingly, petitioner is presently detained by Order of this Court, pending extradition proceedings in Cause Number 06-591-JPD-ALL. Petitioner has twice requested that his extradition hearing be continued, and is currently scheduled for January 31, 2006.

On November 20, 2006, respondents filed a response to petitioner's motion for preliminary injunctive relief and habeas petition. (Dkt. #5). On November 22, 2006, the Court, having reviewed respondents' response, determined that petitioner's motion for preliminary injunction and habeas petition should be reviewed at the same time, and noted them on the

REPORT AND RECOMMENDATION
Page - 3

1  Court's calendar for consideration on December 22, 2006. (Dkt. #7). On December 21, 2006,
2  petitioner filed a stipulated motion to extend the time for submission of his response brief from
3  December 22, 2006 until January 8, 2007. (Dkt. #8). The Court subsequently granted the
4  motion. (Dkt. #9). To date, petitioner has not filed a response.

5  Having carefully reviewed the entire record, I recommend that petitioner's habeas
6  petition and motion for preliminary injunction (Dkt. #1) be DENIED.

### III. DISCUSSION

8  Petitioner claims that he is being improperly detained without bond at the Northwest
9  Detention Facility in Tacoma, Washington, while respondents seek to "remove" him from the
10 United States to Germany. Petitioner asserts that respondents must not be allowed to remove
11 him to another country with which the United States has a Treaty of Extradition except under
12 treaty conditions. Petitioner requests a hearing on his detention without bond, and an injunction
13 restraining respondents from transferring him "to any other U.S. or other government agency, or
14 to any other location, should he not be immediately released." (Dkt. #1).

15 Petitioner is not entitled to an injunction regarding his immigration detention because he
16 is properly detained in extradition proceedings pending a hearing on Germany's extradition
17 request. (Case No. 06-591-MAT-ALL, Dkt. #6). Furthermore, petitioner's claims that his
18 extradition "should be carried out under the U.S. - Germany Extradition Treaty (June 28,
19 1978)" appear to be moot. Petitioner's extradition proceedings are ongoing, and any challenge
20 to his continuing detention may be raised in those proceedings. Indeed, this Court's November
21 16, 2006, Detention Order explicitly invited Mr. Singh "to raise the issue of whether "special
22 circumstances" exist to reconsider the decision of detention." (Case No. 06-591-JPD-ALL,
23 Dkt. #6).

24 In light of petitioner's ongoing extradition proceedings and the relief sought by
25 petitioner, I recommend that petitioner's habeas petition and motion for injunctive relief be

REPORT AND RECOMMENDATION
Page - 4

1  denied and dismissed as moot.

2  IV.  <u>CONCLUSION</u>

3  For the foregoing reasons, I recommend that petitioner's habeas petition and motion for

4  injunctive relief (Dkt. #1) be DENIED.  A proposed Order accompanies this Report and

5  Recommendation.

6  DATED this 18th day of January, 2007.

            *James P. Donohue* (signature)
7  _____
   JAMES P. DONOHUE
8  United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5